IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM MELVIN, | ) |
| | ) |
|     Plaintiff, | ) CASE NO. _____ |
| | ) |
| v. | ) |
| | ) |
| ALLY FINANCIAL INC., | ) |
| | ) |
|     Defendant. | ) |

## NOTICE OF REMOVAL

TO:    The Honorable Judges and The Honorable Clerk of this Court
           United States District Court
           District of Connecticut

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C §§ 1332, 1441, 1446, and the Court's Standing Order on Removed Cases, Defendant Ally Financial Inc. ("Ally"), by counsel, hereby removes this action from the Superior Court of Connecticut for the Judicial District of New Haven to the United States District Court for the District of Connecticut. The jurisdictional basis for removal is diversity of citizenship jurisdiction, pursuant to 28 U.S.C. § 1332(a). In support of removal and in compliance with the Court's Standing Order on Removed Cases, Ally further states:

### I. BACKGROUND

1.    On October 30, 2019, Plaintiff William Melvin served a Complaint and Summons on Ally with a return date listed as December 10, 2019, which is identified as to be filed in the Superior Court for the Judicial District of New Haven, Connecticut. Plaintiff commenced the action against Defendants by service of process pursuant to Conn. Gen. Stat. Sec. 52-45a and filed those documents, along with a Return of Service, with the Superior Court of Connecticut

for the Judicial District of New Haven on November 22, 2019.[1] A copy of the Complaint, Summons and Return of Service are collectively attached hereto as **Exhibit A**.

2. Plaintiff's claims stem from the financing and servicing of an auto loan by Ally in the amount of $40,470.50 (the "Contract").

3. Plaintiff alleges that Ally wrongfully repossessed the Vehicle after the Contract was paid in full. Plaintiff claims that Ally violated Article 9 of the Uniform Commercial Code-Secured Transactions, Conn. Gen. Stat. § 42a-9-101 *et seq*. ("UCC"), and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.* ("CUTPA"). (Complaint, passim).

4. Ally denies the allegations in the Complaint, denies that Plaintiff has stated a claim for which relief may be granted, and denies that Plaintiff has been damaged in any manner. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, he could have originally filed his Complaint in this Court under diversity jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000.

## II. REMOVAL IS PROPER BASED ON DIVERSITY CITIZENSHIP JURISDICTION

5. This Court has original diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a), which makes this action removable under 28 U.S.C. §§ 1441 and 1446(c).

6. United States District Courts have jurisdiction over all civil actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(a) and 1446(c).

### a. Complete Diversity Exists Between the Parties.

7. In order to qualify for diversity of citizenship jurisdiction, all of the named plaintiffs' citizenships must be completely diverse from all the named defendants' citizenships,

---

[1] Under Conn. Gen. Stat. § 52-45a, a civil action is "commenced by legal process consisting of writ of summons or attachment, describing the parties, the court to which it is returnable, the return day," and "accompanied by the plaintiff's complaint."

excluding nominal, fraudulent and/or sham defendants. *See Grupo Dataflux v. Atlas Global Group, LP,* 541 U.S. 567, 571 (2004).

8. Plaintiff is an individual domiciled in East Haven, Connecticut. (*See* Exhibit A, Compl. ¶ 1). Plaintiff is, therefore, a citizen of Connecticut.

9. For purposes of federal subject-matter jurisdiction based on diversity of citizenship, a corporation like Ally is deemed to be a citizen of (1) the state by which the corporation has been incorporated, and (2) the state where the corporation has its principal place of business. *Wachovia Bank, Nat'l Ass'n v. Schmidt*, 546 U.S. 303, 318, 126 S. Ct. 941, 951-52 (2006).

10. Ally is a corporation organized under the laws of Delaware. (Compl. ¶ 2). Ally's headquarters and principal place of business is located in Detroit, Michigan. Accordingly, for purposes of diversity jurisdiction under 28 U.S.C. § 1332, Ally is a citizen of the State of Delaware and the State of Michigan. Ally is not a citizen of the State of Connecticut.

11. Accordingly, there is complete diversity between Plaintiff and Ally, who are the only parties to the action.

      **b.**    **The Amount in Controversy Threshold Has Been Satisfied.**

12. The amount in controversy requirement is also satisfied because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "[A]s specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

13. Here, Plaintiff's claims under the UCC and CUTPA satisfy the requirements for the jurisdictional amount. Specifically, Plaintiff requests that the court award:

1. Damages in an amount greater than $15,000
   a) UCC damages equal to the greater of actual damages or 10% of the amount financed plus the finance charged; and
   b) CUTPA damages equal to actual damages
2. Attorney's fees and costs under the CUTPA
3. Punitive damages under the CUTPA

("Wherefore" paragraph that follows ¶ 16 of the Complaint).

14. Under the UCC, Plaintiff is entitled to the greater of his actual damages or 10% of the amount financed plus the finance charge, which in this case would total $16,807.80. (Complaint ¶¶ 12-13). Plaintiff also seeks an unidentified amount of actual damages under the UCC for his personal belongings that he alleges were lost because of the repossession, "including cash in the amount of $502, rare coins, and a pool stick that had sentimental value." (Complaint ¶ 10).

15. Additionally, under the CUTPA, Plaintiff seeks actual damages in an unidentified sum because "he was deprived of the Vehicle even though he was not in default, he lost his personal property that was in the Vehicle at the time of repossession, and he was required to make payments on a loan that was unrelated to the retail installment sales contract even though he did not have use of possession of the Vehicle." (Complaint ¶¶ 15-16).

16. Under the CUTPA, Plaintiff seeks to recover punitive damages and attorney's fees. (Complaint ¶ 17). The CUTPA allows an award of punitive damages and attorney's fees at the court's discretion. Conn. Gen. Stat. § 42-110g(a), (d); *see also A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991) ("[I]f punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the

4

jurisdictional amount is satisfied."); *Crabtree v. Hope's Windows, Inc.*, No. 3:17-cv-01709 (VAB), 2018 U.S. Dist. LEXIS 89771, at *23 (D. Conn. May 30, 2018) ("A court may consider prospective punitive damages and attorney fees under CUTPA to determine whether this case meets the jurisdictional threshold under 28 U.S.C. § 1332."). When punitive damages are recoverable as a matter of state law, "the court has subject matter jurisdiction unless it is clear beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount." *Cadek v. Great Lakes Dragaway*, 58 F.3d 1209, 1212 (7th Cir. 1995) (internal quotation marks omitted).

17. Under the CUTPA, punitive damages may be awarded for conduct that is found to be recklessly indifferent to the plaintiff's rights, "wanton and malicious," or the product of "evil motive and violence." *Gargano v. Heyman*, 525 A.2d 1343, 1347 (Conn. 1987). Punitive damages under the CUTPA are "focused on deterrence, rather than mere compensation" and, unlike common law punitive damages, the defendant's financial condition is relevant and material to the court's calculation. *Bridgeport Harbour Place I, LLC v. Ganim*, 30 A.3d 703, 734 (2011). A plaintiff may recover punitive damages even if he fails to prove compensatory damages under the CUTPA, and the CUTPA does not provide a formula nor a maximum of "double or treble damages for the punitive damages awarded to deter future conduct." *Lenz v. Cna Assurance Co.*, 42 Conn. Supp. 514, 516, 630 A.2d 1082, 1083 (Conn. Super. Ct. 1993); *Ulbrich v. Groth*, 78 A.3d 76, 123 (Conn. 2013) (affirming a punitive damages award of $1,251,000 and finding CUTPA damages not limited to the common law punitive damage maximum of the expense of the legal action, including attorney's fees, less taxable costs).

18. Here, Plaintiff specifically alleges that Ally's conduct was "willful, in bad faith, or wanton or reckless" in support of his claim for punitive damages under the CUTPA. (Compl.

¶ 16).  Because Connecticut courts have broad discretion to award such punitive damages, even where a plaintiff is unable to recover compensatory damages, it is not clear to a legal certainty that Plaintiff would under no circumstances be entitled to recover more than the jurisdictional amount on the basis of his claim for punitive damages alone.  *Saint Paul Mercury Indem. Co.*, 303 U.S. at 289 ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.").  Accordingly, Plaintiff's claim for punitive damages by itself is sufficient to meet the jurisdictional amount.

19. Plaintiff's combined request of actual and punitive damages, plus attorneys' fees, more than satisfies the $75,000 threshold, and it does not appear to a legal certainty that Plaintiff could not recover in excess of this threshold.  *See Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."); *Powanda v. Inteplast Grp., LTD, L.P.*, No. 3:14cv846, 2015 U.S. Dist. LEXIS 44261, at *5-6 n.2 (D. Conn. Apr. 2, 2015) (finding removal on diversity jurisdiction proper where notice of removal asserted Plaintiff's amount in controversy exceeded statutory minimum, and Connecticut law permits recovery of damages in excess of amount demanded).

20. Because there is complete diversity among the parties and Plaintiff's claims for actual and punitive damages, as well as attorney's fees, under the UCC and CUTPA exceed $75,000, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

### III. ALL ADDITIONAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.

21. Removal is timely because less than 30 days have passed since receipt of Plaintiff's Complaint by Ally.  28 U.S.C. § 1446(b).

22. This Notice of Removal is properly filed in the District of Connecticut because

this Court embraces the county in which the state court action is now pending. 28 U.S.C. §§ 98(a) & 1441(a).

23. Pursuant to 28 U.S.C. § 1446(d), Ally is filing a Notice of Filing of Notice of Removal with the Superior Court for the Judicial District of New Haven, Connecticut, which includes copy of this Notice of Removal, and is also serving a copy of this Notice on counsel for Plaintiff. A copy of said Notice of Filing of Notice of Removal is attached hereto as **Exhibit B**.

24. Upon information and belief, the contents of **Exhibit A** constitute the entire file of the action from the Superior Court for the Judicial District of New Haven, Connecticut.

25. Pursuant to the Court's Standing Orders, attached hereto as **Exhibit C** is the Court's "Order Re: Disclosure Statement" and "Notice to Counsel Re Local Rule 5(b)," which also are being served on counsel for Plaintiff.

26. Pursuant to the Court's Standing Order on Removed Cases, Ally files herewith a separate Notice of Pending Motions, which states that it is not aware of any such motions. A copy of this Notice is also attached hereto as **Exhibit D**.

27. Pursuant to the Court's Standing Order on Removed Cases, Ally attaches hereto as **Exhibit E** a statement reciting the information requested in such Standing Order.

28. Ally reserves the right to amend this Notice of Removal.

29 If any questions arise as to the propriety of the removal of this action, Ally requests the opportunity to present a brief and argument in support of its position that this case is removable.

WHEREFORE, having met all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including all the jurisdictional requirements of 28 U.S.C. § 1332, Defendant Ally Financial Inc., hereby removes this action from the Superior Court of Connecticut in the Judicial

District of New Haven to the United States District Court for the District of Connecticut and seeks whatever further relief this Court deems equitable and just.

Dated: November 26, 2019   **TROUTMAN SANDERS LLP**

By:  /s/ *Daniel W. Cohen*
Daniel W. Cohen, Esq. (Bar No. ct 304667)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Phone: (757)-687-7500
Dan.Cohen@troutman.com

*Counsel for Defendant Ally Financial Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on the 26th day of November, 2019, I electronically filed the foregoing *Notice of Removal* the Clerk of Court using the CM/ECF system, which then will send automatic notification of such filing to all ECF participants, and have also sent a copy via Federal Express, addressed as follows:

**Counsel for Plaintiff**
Daniel S. Blinn, Esq.
CONSUMER LAW GROUP, LLC
35 Cold Spring Rd, Suite 512
Rocky Hill, Connecticut 06067
(860) 571-0408

Dated: November 26, 2019

By:  s/ *Daniel W. Cohen*
Daniel W. Cohen, Esq. (Bar No. ct 304667)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Phone: (757)-687-7500
Dan.Cohen @troutman.com

*Counsel for Defendant Ally Financial, Inc.*