## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM MELVIN, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 3:19-cv-01891-RNC |
| | ) |
| v. | ) |
| | ) |
| ALLY FINANCIAL INC., | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT ALLY FINANCIAL INC.'S
### ANSWER AND AFFIRMATIVE DEFENSES

Defendant Ally Financial Inc. ("Ally"), by and through its undersigned counsel, submits its Answer and Affirmative Defenses to Plaintiff William Melvin's ("Plaintiff") Complaint.

### FIRST COUNT: VIOLATION OF ARTICLE 9
### OF UNIFORM COMMERCIAL CODE

1. Ally admits Plaintiff is a natural person. Ally is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth in Paragraph 1 of the Complaint, and therefore denies the same.

2. Ally admits it is a Delaware corporation with a headquarters in Detroit, Michigan. The remaining allegations set forth in Paragraph 2 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the remaining allegations are contrary to the law, they are denied.

3. The allegations set forth in Paragraph 3 of the Complaint contain legal statements and conclusions of law, to which no response is required, and/or refer to documents, which speak for themselves. To the extent the allegations are contrary to the law and vary from the documents, they are denied.

1

4. The allegations set forth in Paragraph 4 of the Complaint contain legal statements and conclusions of law, to which no response is required, and/or refer to documents, which speak for themselves. To the extent the allegations are contrary to the law and vary from the documents, they are denied.

5. The allegations set forth in Paragraph 5 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

6. The allegations set forth in Paragraph 6 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

7. The allegations set forth in Paragraph 7 of the Complaint contain legal statements and conclusions of law, to which no response is required, and/or refer to documents, which speak for themselves. To the extent the allegations are contrary to the law and vary from the documents, they are denied.

8. The allegations set forth in Paragraph 8 of the Complaint contain legal statements and conclusions of law, to which no response is required, and/or refer to documents, which speak for themselves. To the extent the allegations are contrary to the law and vary from the documents, they are denied.

9. The allegations set forth in Paragraph 9 of the Complaint contain legal statements and conclusions of law, to which no response is required, and/or refer to documents, which speak for themselves. To the extent the allegations are contrary to the law and vary from the documents, they are denied.

10. Ally is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth in Paragraph 10 of the Complaint, and therefore denies the same.

11. The allegations set forth in Paragraph 11 of the Complaint contain legal statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

12. The allegations set forth in Paragraph 12 of the Complaint contain legal statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied. Ally denies any liability to Plaintiff and denies that Plaintiff is entitled to any of the relief sought in Paragraph 12.

13. The allegations set forth in Paragraph 13 of the Complaint contain legal statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied. Ally denies any liability to Plaintiff and denies that Plaintiff is entitled to any of the relief sought in Paragraph 13.

## SECOND COUNT: CONNECTICUT UNFAIR TRADE PRACTICES ACT

1-13. Ally adopts and incorporates its responses in the preceding paragraphs as if fully restated herein.

14. The allegations set forth in Paragraph 14 of the Complaint contain legal statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

15. The allegations set forth in Paragraph 15 of the Complaint contain legal statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

16. The allegations set forth in Paragraph 16 of the Complaint contain legal statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied. Ally denies any liability to Plaintiff and denies that Plaintiff is entitled to any of the relief sought in Paragraph 16.

In response to the Paragraphs 1 through 4 immediately following the "WHEREFORE" clause after Paragraph 16, Defendant denies every allegation, denies any wrongdoing, and denies that Plaintiff is entitled to any relief.

Ally denies that it is liable to Plaintiff in any manner, or under any theory, whatsoever.

Ally denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs above.

Ally reserves the right to rely upon any and all defenses which may become known through discovery or at trial.

Ally reserves the right to amend its Answer to Plaintiff's Complaint to conform to the evidence as determined in discovery or at trial.

## **AFFIRMATIVE DEFENSES**

Ally hereby sets forth the following affirmative defenses to the Complaint. By asserting the defenses set forth below, Ally does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses. Nor does Ally admit that Plaintiff is relieved of his burden to prove each and every element of his claims and the damages, if any, to which he is entitled.

1. The Complaint fails to state a plausible claim for which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Ally reserves the

right to file a Motion for Judgment on the Pleadings or other dispositive motion seeking dismissal of all Plaintiff's claims.

2. Ally denies that Plaintiff sustained any damages and denies that it proximately caused any of the damages claimed by Plaintiff.

3. Plaintiff cannot recover from Ally to the extent that any damages that Plaintiff may have suffered, which Ally continues to deny, directly and proximately resulted from Plaintiff's acts and/or omissions.

4. Plaintiff cannot recover from Ally to the extent that any damages Plaintiff may have or will suffer as alleged in the Complaint, which Ally continues to deny, have been and/or will be proximately caused, in whole or in part, by the negligent, willful, or tortious acts and/or omissions of persons or entities over whom Ally had no control, and for whose conduct Ally is not responsible, which bars or diminishes any recovery by Plaintiff against Ally.

5. Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff has not suffered any actual damages.

6. Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff has failed to mitigate his damages.

7. Plaintiff's claims for punitive damages fail to the extent that the Complaint fails to state a claim for relief for punitive damages. Additionally, Ally states that while it does not believe Plaintiff has stated a claim for punitive damages, even if he proves an entitlement to any such punitive damage award, Ally is entitled to the affirmative defense that any such award comport with the Due Process clause under the Constitution of the United States of America.

8. At all times relevant, Ally acted reasonably and in good faith and without any malice or intent to injure Plaintiff or to violate applicable federal and/or state law.

9. Ally reserves the right to assert additional defenses (affirmative and otherwise) as this action progresses and reserves the right to rely upon any and all defenses (affirmative and otherwise) as may become known through discovery or at trial.

WHEREFORE, Defendant, Ally Financial Inc., by counsel, respectfully requests that the Court dismiss all of the Plaintiff's claims against Ally, with prejudice, enter judgment in favor of Ally and against Plaintiff, and award Ally such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

By: /s/ Daniel W. Cohen
Daniel W. Cohen (Bar No. CT 30467)
TROUTMAN SANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6000
Facsimile: (202) 704-6288
Email: dan.cohen@troutman.com

*Counsel for Defendant Ally Financial Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2019, a copy of the foregoing was served electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: /s/ Daniel W. Cohen
Daniel W. Cohen (Bar No. CT 30467)
TROUTMAN SANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6000
Facsimile: (202) 704-6288
Email: dan.cohen@troutman.com

*Counsel for Defendant Ally Financial Inc.*
